## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **John H. Williams, Jr.** | ) | **Case No. 15-13717-JDL** |
| **Deanna L. Williams** | ) | **Chapter 13** |
| | ) | |
| Debtors. | ) | |

### MOTION TO DISMISS CHAPTER 13 CASE WITH PREJUDICE TO REFILING BASED ON FILING HISTORY AND FOR EXCEEDING DEBT LIMITATION COMBINED WITH BRIEF IN SUPPORT AND NOTICE OF OPPORTUNITY FOR HEARING

COMES NOW the Chapter 13 Trustee, John Hardeman, and requests this Court dismiss the above-styled Chapter 13 case with prejudice to refiling for a period of 180 days pursuant to provisions of 11 U.S.C. §§109(e), 109(g) and 1307(c).  In support of his Motion, the Chapter 13 Trustee would show the Court the following:

1.      Section 109(e) provides in order to be eligible for relief under Chapter 13, an individual and such individual's spouse must owe less than $383,175 in noncontingent, liquidated unsecured debts.  Eleven U.S.C. §1307(c) provides a Chapter 13 case may be dismissed for cause.  While "cause" is not a term specifically defined in the Bankruptcy Code, "cause" has generally been interpreted as allowing bankruptcy courts to exercise broad discretion.  Ineligibility for relief clearly provides sufficient cause for dismissal.

2.      Further, the provisions of §109(g) provide that if a case is dismissed by the Court for willful failure of the debtor to abide by orders of the Court or to appear before the Court in proper prosecution of the case, the debtor will be prevented from refiling at any time within 180 days.  Section 109 was amended in 1984 to include the language currently contained in subsection (g).  The legislative history relating to

§109(g) indicates the purpose of §109(g) was to provide the bankruptcy courts with greater authority to control abusive multiple filings.

3.       The debtors are ineligible for relief under Chapter 13 as their unsecured debts exceed the debt limit set by 11 U.S.C. §109(e).   The debtors included on their Schedule F unsecured nonpriority debts totaling $156,783.00. Additionally, the debtors included on their Schedule D the unsecured portion of partially secured debts totaling $309,391.82.  None of the debts included on Schedules D and F were indentified by the debtors as contingent or unliquidated.  The scheduled unsecured debts of the debtors total $466,174.82, an amount in excess of the unsecured debt allowed under Chapter 13.

4.       The instant case is the fifth bankruptcy case and the third Chapter 13 case filed by the debtors since September 2008.  The debtors filed their first Chapter 13 case on September 4, 2008, numbered 08-13904-NLJ.  The first case was dismissed prior to confirmation on December 23, 2008.  The debtors filed their second Chapter 13 case on January 28, 2010, numbered 10-10420-NLJ.  The second case was dismissed prior to confirmation on May 26, 2010, at which time the debtors were delinquent on proposed plan payments.  The debtors filed their third Chapter 13 case on June 23, 2010, numbered 10-13816-NLJ.  The third case was converted to one under Chapter 7 on October 31, 2011, on the Motion of the Trustee based on the debtors' failure to pay required plan payments following confirmation.  The debtors filed their fourth bankruptcy case under Chapter 11 on May 3, 2012, numbered 12-12294-JDL. A plan was confirmed on June 20, 2013.  Based upon the timing of the filing of the current case, and a comparison of the tax claims filed in the current case against the tax claims filed in

the Chapter 11 case, it appears the debtors failed to fully comply with the provisions of the confirmed Chapter 11 plan.   The prior filing history of the debtors combined with the filing of the current case seeking relief for which the debtors are ineligible evidences the failure of the debtors to appear in proper prosecution as to the current case.  As a result, dismissal with prejudice to refiling for a period of 180 days is warranted.

WHEREFORE, the Chapter 13 Trustee requests that the Court dismiss this Chapter 13 case with prejudice to refiling for a period of 180 days pursuant to the provisions of 11 U.S.C. §§ 109(e), 109(g) and 1307(c).

Respectfully submitted,

s/ Linda Ruschenberg
Linda Ruschenberg, OBA #12842
321 Dean A. McGee Ave.
P.O. Box 1948
Oklahoma City, OK 73101-1948
(405) 236-4843
(405) 236-1004 (fax)
13trustee@chp13okc.com
Attorney for Chapter 13 Trustee

## NOTICE OF OPPORTUNITY FOR HEARING

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102, no later than 14 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant (and others who are required to be served) and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.

**The 14 day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).**

## CERTIFICATE OF MAILING

This is to certify that on the 2nd day of November, 2015, a true and correct copy of the above and foregoing instrument was mailed by first class U.S. Mail, postage prepaid, to all parties and attorneys whose names and addresses are reflected on the attached list.

s/ Linda Ruschenberg